**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WINDEL HOLMES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:24-CV-30** |
| | ) | |
| **SUPERINTENDENT SCOTT** | ) | |
| **KLINEFELTER, et al,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM ORDER**

This action was received by the Clerk of Court on February 5, 2024. The matter was ultimately referred to United States Magistrate Judge Christopher B. Brown, for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

Plaintiff, acting pro se, alleges that Defendants violated his constitutional rights when they denied him adequate medical care and treatment for his chronic and debilitating skin condition while he was an inmate at SCI-Fayette and SCI-Houtzdale. Plaintiff names twenty-eight individual Defendants – some of whom are employees of the Department of Corrections ("DOC") and others of whom are privately employed by Wellpath, LLC – as well as Wellpath, LLC itself, a private corporation contracted by the DOC to provide medical care to incarcerated individuals.

In response to the operative Third Amended Complaint [ECF No. 62], Defendants filed four separate motions to dismiss. *See* ECF No. 65, 70, 80, 85. On August 10, 2026, Judge Brown issued a thorough Report and Recommendation addressing all the pending dispositive motions.

ECF No. 99. He recommended largely dismissing the official-capacity, equal protection, due process, and retaliation claims (except the retaliation claim against Radaker), along with claims brought against several individual Defendants for their lack of personal involvement. Judge Brown further recommended that the core Eighth Amendment deliberate indifference and conditions-of-confinement claims proceed against most named Corrections and Medical Defendants. He also recommended dismissing Wellpath entirely based on its bankruptcy (but not the individual Medical Defendants), and dismissing unserved Defendants Le Claire and Manhattan for lack of personal involvement.

Plaintiff filed Objections to the Report and Recommendation limiting his challenge to the recommendation that Wellpath be dismissed from this action due to its bankruptcy discharge. ECF No. 100. Defendant Wellpath filed a Response addressing Plaintiff's Objections. ECF No. 102.

In making his recommendation, Judge Brown concluded that Plaintiff's deliberate indifference claims against Wellpath must be dismissed based on the corporation's bankruptcy filing.[1] ECF No. 100. Plaintiff contends that the bankruptcy discharge does not extend to conduct occurring after the petition date, because Wellpath's alleged failure to provide adequate medical treatment persisted beyond the November 11, 2024 bankruptcy filing date. In support, Plaintiff

[1] Wellpath was discharged from liability by the United States Bankruptcy Court for the Southern District of Texas, Houston Division, for claims seeking money damages that arose prior to November 11, 2024. *See, e.g., In Re Wellpath Holdings, Inc.,* Case No. 24-90533 (Bank. S.D. Tex.); *see also* 11 U.S.C. § 524(a)(2) (a discharge operates as an injunction against the commencement or continuation of an action to collect or recover such debt as a personal liability of the debtor). Wellpath's approved Plan also includes a Third-Party Release protecting Wellpath and its current and former employees from claims arising before November 11, 2024, unless the claimant affirmatively opted out by July 30, 2025; claimants who did not opt out are permanently enjoined from pursuing such claims. *McHugh v. Pennsylvania Dep't of Corrections*, 2026 WL 1862556 (E.D. Pa. June 26, 2026) (taking judicial notice of the bankruptcy proceedings and dismissing claims against Wellpath and its employee for pre-discharge money damages where the plaintiff had not opted out of the Third-Party Release).

observes that he was not evaluated by a qualified dermatologist until June 29, 2026, which he contends is a post-petition denial of care. Wellpath, for its part, characterizes Plaintiff's argument as an improper attempt to inject new claims into this action at this stage. The Court finds merit in both positions, though neither is entirely correct.

The operative pleading, the Third Amended Complaint, alleges that Plaintiff's serious medical condition first arose in November of 2022 and that the deliberate indifference to that condition continued through December 2, 2025, the date of the pleading was signed. Because the bankruptcy petition was filed on November 11, 2024, any constitutional violation predating that filing has been discharged. Claims arising from conduct after that date, however, survive.

The difficulty here is that the Third Amended Complaint does not adequately specify what conduct occurred after the petition date. *See* ECF No. 62, pages 5-6. For example, Plaintiff details occurrences at SCI Houtzdale from September 2023 through the present (December 2, 2025) without providing any specific date –a portion of this time period is pre-petition and a portion is post-petition. That lack of factual detail must be addressed before the case can proceed on the alleged post-petition constitutional violations. The Court will permit Plaintiff to amend his pleading for the limited purpose of adding factual detail, tied to specific dates, regarding the alleged post-petition violations. An amendment shall not include addition of new claims. Instead, the amended pleading shall include further factual development of the claim already pled.

Plaintiff must also note that leave to amend is not unlimited. Plaintiff may not use the amendment as a vehicle to allege events occurring after December 2, 2025. Any such claims, if they exist, must be pursued in a new and separate action. This case was filed more than two years ago, Plaintiff has already been afforded repeated opportunities to supplement his factual allegations, and this present matter must move toward final resolution of the claims pled.

After *de novo* review of the Third Amended Complaint[2], together with the report and recommendation, objections and response thereto, the following order is entered:

AND NOW, this 25th day of September 2026;

IT IS HEREBY ORDERED that the Corrections Defendants' Motions to Dismiss [ECF No. 65, 85] be granted and denied as follows:

- GRANTED with prejudice as to all official capacity claims;
- For lack of personal involvement:
  - DENIED as to Defendant Hill;
  - DENIED as to Defendants Close, Klinefelter, Riefer, and Garman;
  - GRANTED with prejudice as to Defendants Blicha, Gustafson, Irwin, Trask, and Zimmerman (Eisenman);
  - DENIED as to Defendant Bently, Fiedor, and Lesko; and
  - GRANTED with prejudice as to Hansen and Nagle;
- DENIED as to the Eighth Amendment deliberate indifference claim against Defendants Altemus, Avenali, J. James, Jordan, Hill, Radaker, and Smith;
- DENIED as to the Eighth Amendment conditions of confinement claim against Defendants Bentley, Fiedor, and Lesko;
- GRANTED with prejudice as to the Fourteenth Amendment equal protection claim against all Defendants;
- The Fourteenth Amendment due process claim against all Defendants be sua sponte DISMISSED; and

[2] "If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) *quoting* 28 U.S.C. § 636(b)(1). Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Local Rule 72(D)(2).

- DENIED as to the First Amendment retaliation claim against Defendant Radaker.

IT IS FURTHER ORDERED that the Medical Defendants' Motion to Dismiss on the merits [ECF No. 70] be granted and denied as follows:

- DENIED as to the Eighth Amendment deliberate indifference claim against Defendants Howick, C. James, Naji, Sharp, and Strick;
- DENIED as to the supervisory liability claim against Defendant Naji;
- GRANTED with prejudice as to the First Amendment retaliation claim against Defendants C. James, Naji, Sharp, and Strick;
- GRANTED with prejudice as to the Fourteenth Amendment due process and equal protection claims against all Medical Defendants; and
- DENIED as to any remaining arguments by the Medical Defendants for dismissal.

IT IS FURTHER ORDERED that the unserved Defendants Le Claire and Manhattan be *sue sponte* dismissed for lack of personal involvement pursuant to this Court's authority under 42 U.S.C. § 1997c(c) and 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS FURTHER ORDERED that the report and recommendation of Magistrate Judge Brown, issued on August 10, 2026 [ECF No. 99] relative to its recommendations as to the disposition of the motions listed above [ECF No. 65, 70, 85] is adopted as the opinion of the court. Additionally, the Report and Recommendation is adopted as to the sua sponte dismissal of Defendants La Claire and Manhattan. However, the Report and Recommendation is not adopted as to its recommendation regarding the Medical Defendants' Bankruptcy Motion [ECF No. 80].

IT IS FURTHER ORDERED that the Medical Defendants' Bankruptcy Motion [ECF No. 80] is GRANTED with prejudice as to Wellpath as to all pre-petition claims only and is

DENIED as to Wellpath as to all post-petition claims. The motion is DENIED as to the individual Medical Defendants.

FINALLY, IT IS HEREBY ORDERED that Plaintiff may file a Fourth Amended Complaint consistent with the adopted portions of the Report and Recommendation and this Order by October 30, 2026.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge